IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| N.R., *individually and on behalf of* A.R., *a minor*, <br><br> Plaintiffs, <br><br> v. <br><br> Vision Academy Charter School, <br><br> Defendant. | Civil Action No. <br><br><br><br><br><br><br><br> **COMPLAINT** |

N.R. ("Parent"), individually and on behalf of A.R. ("Student") (sometimes together "Plaintiffs") bring this complaint against Vision Academy Charter School (the "Charter" or "Defendant") and in support thereof aver as follows:

**I.    OVERVIEW.**

1. This is an action under the Individuals with Disabilities Education Act ("IDEA"), 42 U.S.C. § 1400 and its federal and state implementing regulations, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and its federal and state implementing regulations, and Chapters 14 and 15 of the Pennsylvania Code.

2. Parent brought the due process complaint below because the Charter did not provide a free appropriate public education ("FAPE") to Student to enable him to make appropriate progress.

3. Parents' complaint sought compensatory education for the Charter's denial of FAPE for the 2019-2020 and the 2020-2021 and for failure to provide a sufficient 504 service contract.

4. On May 27, 2021, Hearing Officer Joy Waters Fleming (the "Hearing Officer") granted substantial relief to Parents ("Final Decision and Order," which is attached hereto as Exhibit A).

5. The Hearing Officer concluded that "the Parent has preponderantly established that during the 2019-2020 school year, the Charter violated its child find responsibilities which denied Student FAPE under Section 504, Pennsylvania law, and the IDEA." Final Decision and Order at 23.

6. With respect to the 2020-2021 school year, the Hearing Officer concluded that "[t]he Parent has preponderantly established that the Charter's procedural and substantive violations denied Student FAPE. *Id*. at 26.

7. The Hearing Officer awarded 300 hours of compensatory education "for the Charter's failures over the 2019-2020 and current 2020-2021 school years (through the date of this order)." *Id.* at 26.

8. The Hearing Officer further ordered the Charter "to collect baseline data to be used for development of responsive educational programming" within 10 days and to convene a meeting and revise Student's IEP.

## II.    JURISDICTION AND VENUE.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States as well as the Individuals with Disabilities Education Act, 42 U.S.C. § 1400 and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

10. This Court has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367.

11. Parent has exhausted their administrative remedies through the Pennsylvania Department of Education, Office of Dispute Resolution due process complaint ("Complaint") docketed at 24533-20-21.

12. Venue in this district is proper under 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims in this case arose in this judicial district and all the parties reside in the Commonwealth of Pennsylvania and within this judicial district.

### III. THE PARTIES.

13. Student is a person with a disability under the definitions of the IDEA, Section 504, and Chapters 14 and 15 of the Pennsylvania Code.

14. The Charter is a local educational agency under the IDEA, 20 U.S.C. § 1401(19)(A), 34 CFR § 300.28(a), and a recipient of federal funds subject to Section 504, 29 U.S.C. § 794(b)(2)(B). Its central office is located at 41 E. Baltimore Avenue, Lansdowne Pennsylvania 19050.

### IV. FACTUAL BACKGROUND AND LEGAL FRAMEWORK.

15. Parent has attempted to resolve her entitlement to attorneys' fees and costs for months. The Charter has ignored Parent's requests.

16. Under the IDEA and Section 504, a court may award reasonable attorneys' fees and costs to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I); 29 U.S.C. § 794a.

17. A parent qualifies as a prevailing party if he or she "'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

18. The Hearing Officer concluded that the Charter did not provide a FAPE for Student in the 2019-2020 and 2020-2021 school year and violated Section 504 and awarded 300 hours of compensatory education. Further, the Hearing Officer ordered the Charter to convene an IEP meeting to develop a responsive educational plan.

19. Parent qualifies as a prevailing party because she succeeded on a significant issue in this litigation.

20. Parent is entitled to recover statutory attorneys' fees and costs.

**Count I – IDEA and Section 504 – Attorneys' Fees and Costs**

21. Parent incorporates paragraphs 1 through 20 as though fully set forth herein.

22. Parents obtained substantial relief.

23. Parents are entitled to reimbursement of their attorneys' fees and costs arising out of the due process hearing and this action.

WHEREFORE, Parents request that this Court award their reasonable attorneys' fees and cost together with such other relief as the Court deems appropriate.

Respectfully submitted,

*Nicole Reimann*

Nicole Reimann. (PA #57707)
Batchis Nestle & Reimann LLC
7 Bala Avenue, Suite 202
Bala Cynwyd, Pennsylvania 19004
Nicole@SpecialEdLawGroup.com
Telephone: (215) 550-1764
Fax: (215) 550-1768
*Attorneys for Plaintiff*

Dated:  November 24. 2021